

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

TM:JD
F.#2011R02050

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

July 18, 2012

<u>By Hand Delivery and ECF</u>

The Honorable Carol B. Amon
Chief United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  <u>United States v. Anthony Calabrese</u>
           <u>Criminal Docket No. 12-050 (S-2)(CBA)</u>

Dear Chief Judge Amon:

      The defendant is scheduled to be sentenced on August 3, 2012. By letter dated July 11, 2012, the defendant argues that a below-Guidelines sentence is appropriate because of the defendant's health and family circumstances. The defendant also seeks a one level reduction in his adjusted offense level for a "global adjustment" pursuant to § 5K2.0 of the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."). The government submits this letter in response to the defendant's requests.

I.    <u>Background</u>

    A.    <u>Summary of Charges</u>

      As set forth in the Pre-Sentence Investigation Report ("PSR") and detailed in prior submissions, defendant Anthony Calabrese stands before the Court having pled guilty to Conspiracy to Collect Unlawful Debt, in violation of 18 U.S.C. §1962(d). By way of background, between January 1, 1999 and September 7, 2011, the defendant, an inducted member of the Bonanno organized crime family of La Cosa Nostra (the "Bonanno family"), <u>see</u> PSR p. 6, conspired with other members and associates of the Bonanno family, to participate in the collection of unlawful debts on behalf of and in furtherance of his membership in the Bonanno family. <u>See</u> PSR pp. 6-8.

B.  The Defendant's Guilty Plea

On April 6, 2012, the defendant pleaded guilty to Count Three of the second Superseding Indictment pursuant to a plea agreement. In the plea agreement, the government estimated that the applicable advisory Guidelines range was 10 to 16 months, based on an adjusted offense level of 12 and a criminal history category of I. This estimate was premised on a one level reduction for a "global adjustment" under § 5K2.0 of the Guidelines, provided that timely guilty pleas were accepted by the Court from all six defendants then charged in the case. (PSR ¶ 3).

C.  The Pre-Sentence Report

On June 27, 2012, Probation estimated a Guidelines range of 12 to 18 months of incarceration, based on an adjusted offense level of 13 with a criminal history category of I. (PSR ¶ 78). The discrepancy between the Guidelines calculation in the plea agreement and the PSR is based on the following: As there was not a "global plea" in the case, the government opposes a one level adjustment under § 5K2.0. (PSR ¶ 3). Thus, the applicable advisory Guidelines range is 12-18 months, based upon an adjusted offense level of 13 with a criminal history category of I. (PSR ¶ 78).

II. Argument

A.  Legal Standard

"[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." Gall v. United States, 552 U.S. 38, 49 (2007) (citation omitted). Next, a sentencing court should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, [the court] may not presume that the Guidelines range is reasonable. (The court] must make an individualized assessment based on the facts presented." Id. at 49 (citation and footnote omitted).

3

    B.    The Defendant Should Not Receive a Downward Departure Because of His Physical Condition or Family Circumstances

        1.    Physical Condition

Section 5H1.4 of the Guidelines makes clear that "[p]hysical condition . . . is not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range." U.S.S.G. § 5H1.4. As the Second Circuit has observed, however, a condition that renders a defendant "seriously infirm" may be sufficient to warrant departure. United States v. Altman, 48 F.3d 96, 104 (2d Cir. 1995). Elaborating on this standard, the Altman court suggested that a downward departure under Section 5H1.4 is not warranted unless the defendant is seriously infirm with a medical condition that cannot be cared for adequately by the Bureau of Prisons. See id.; see also U.S.S.G. § 5H1.4.

It is therefore the defendant's task to convince the court that the Bureau of Prisons could not accommodate his maladies. This he cannot do. In this case, the defendant has represented that he suffers from multiple sclerosis. See Def. Mem. at 3-5. Although this is a debilitating condition, the defendant concedes that "due to the medical care he presently receives, however, he is ambulatory and able to function." Id. at 4. In addition, none of the ailments from which the defendant suffers render him "seriously infirm" as that phrase was interpreted in Altman. Indeed, the defendant cannot establish that the BOP would be incapable of attending to his physical condition.[1] As the Court is aware, individuals with physical conditions similar to or more serious than the defendant's are routinely housed in appropriate BOP facilities. Accordingly, the defendant's motion for a non-guidelines sentence on the basis of his medical condition should be denied.

        2.    Family Circumstances

Under Section 5H1.6 of the Sentencing Guidelines, a sentencing court may consider circumstances related to family ties and relationships as a basis for downward departure only when they are "extraordinary." See United States v. Galante, 111 F.3d 1029, 1033-34 (2d Cir. 1997). Accordingly, courts are

---

[1] The government does not object to the defendant's request to have this Court recommend that he be designated to a Federal Medical Center.

4

generally discouraged from downwardly departing based upon family circumstances because the Sentencing Commission has deemed such circumstances to be irrelevant. See id. at 1034 (citing Koon v. United States, 518 U.S. 95 (1996)). The ordinary hardship imposed on a defendant's family from his imprisonment does not warrant a downward departure. See id.; United States v. Johnson, 964 F.2d 124, 128 (2d Cir. 1992) ("Disruption of the defendant's life, and the concomitant difficulties for those who depend on the defendant, are inherent in the punishment of incarceration."). Rather, a downward departure is only justified where family members are "uniquely dependent" upon a defendant for financial or emotional support. United States v. Faria, 161 F.3d 761, 762 (2d Cir. 1998).

Applying this standard, the defendant's family circumstances do not warrant a downward departure. In this case, the defendant principally argues that he has a loving wife and four children. Def. Mem. at 5. Because the defendant has not adequately demonstrated that his wife or children are "uniquely dependent," Faria, 161 F.3d at 762, upon him for support, he has failed to establish the appropriateness of a downward departure or non-guidelines sentence on this basis.

> C. The 3553(a) Factors Indicate That a Guidelines Sentence Is Appropriate In This Case

The factors outlined in 18 U.S.C. § 3553(a) show that a Guidelines sentence is appropriate in this case.

> 1. History and Circumstances of the Offense

As detailed above and in the PSR, the defendant was an associate and soldier in the Bonanno family for many years and personally engaged in conduct to collect unlawful debts on behalf of the Bonanno family. Based on evidence of that conduct, he pled guilty to the crime of conspiracy to collect unlawful debt.

Given the nature of the underlying offense and the defendant's participation, although minimal, in the offense on behalf of a criminal enterprise, the history and characteristics of the offense weigh in favor of a sentence within the advisory guideline range for the purposes of punishment and promoting general and specific deterrence. See 18 U.S.C. § 3553(a)(1), (a)(2)(A) & (a)(2)(B); (PSR ¶ 40).

### 2. History and Characteristics of the Defendant

As noted above, the defendant has a long history of membership in the Bonanno family. In addition, the defendant has a 1988 conviction, obtained at the age of 20, for misdemeanor assault that involved the taking of an off-duty police officer's gun. While this conviction is properly not calculated in the defendant's criminal history, it is notable for its severity. (PSR ¶ 45). The defendant's loving family and medical condition clearly should be taken into consideration at sentencing. However, they are not sufficient to overcome the substantial evidence of the defendant's history as a member of organized crime, nor do they warrant a sentence below the advisory Guidelines range. For these reasons, the defendant's history and personal characteristics militate in favor of a sentence of incarceration. 18 U.S.C. § 3553(a)(1).

### 3. The Need for the Sentence Imposed

The defendant's request for a non-jail sentence should be denied. The defendant's history of involvement in criminal activity as an associate and member of the Bonanno family, a powerful organized criminal group, warrant a sentence of incarceration in this case that will appropriately "reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). Indeed, an effective sentence of no or minimal incarceration on a conspiracy charge for a member of the Bonanno family engaged in collecting unlawful debts could well promote disrespect for the law. See, e.g., United States v. Cutler, 520 F.3d 136, 154 (2d Cir. 2008) (concluding that the district court made errors in certain "Guidelines applications and in its departure decisions; that the sentences imposed did not properly interpret certain of the sentencing factors that the court was required to consider under 18 U.S.C. § 3553(a), such as just 'punishment' and deterrence of others; and that some of the court's rationales would promote disrespect for the law").

6

III. <u>Conclusion</u>

  For the foregoing reasons, the Court should impose a sentence within the applicable Guidelines range of 12 to 18 months' incarceration.

          Respectfully submitted,

          LORETTA E. LYNCH
          United States Attorney

        By: /s/_____
          Jack Dennehy
          Assistant U.S. Attorney
          (718) 254-6133

cc: Clerk of the Court (CBA)
   James Froccaro, Jr., Esq. (By ECF)