**JAMES R. FROCCARO, JR.**
Attorney at Law
20 Vanderventer Avenue, Suite 103W
Port Washington, NY 11050
telephone: (516) 944-5062
fax: (516) 944-5066
email: JRFESQ61@aol.com

July 20, 2012

BY ECF
Hon. Carol B. Amon
Chief Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

       Re:  United States v. Anthony Calabrese
            12 Cr 50 (CBA)

Dear Chief Judge Amon:

     I have reviewed the government's letter to Your Honor dated July 18, 2012, purportedly responding to the sentencing requests I have made on behalf of Mr. Calabrese.  This will serve as a brief reply.

     I have not made a motion for a downward departure under Section 5H1.4 of the Guidelines as the government has suggested to Your Honor. I am aware of what the standard is for a downward departure under this particular Guideline, and that the Bureau of Prisons may, in certain circumstances, be capable of providing minimal care to individuals who

suffer from Multiple Sclerosis.[1]  I am also aware that there are individuals with Multiple Sclerosis housed in BOP facilities.  But, I do not have (and the government has not provided) any information about, among other things, the nature or seriousness of the offenses those individuals may have committed, the roles they played in their offenses of conviction, nor their advisory or perhaps then mandatory Guidelines imprisonment ranges at sentencing.

  The Probation Department identified Mr. Calabrese's physical condition as a factor for Your Honor to consider that may warrant a downward departure <u>below</u> the applicable Guidelines imprisonment range.  <u>See</u> PSR at paragraph 90.  I, in turn, argued that because the Guidelines are now advisory, Your Honor did not have to downwardly depart from the applicable Guidelines imprisonment range to sentence Mr. Calabrese to an alternative to incarceration.  And, that based upon the particular facts presented by his case, an alternative to incarceration would constitute a "reasonable" sentence under 3553(a).  More particularly, that his offense of conviction - his agreement to collect a single unlawful gambling debt - had no element of violence, actual or threatened, and that he played a minimal role.  And that this, coupled with an advisory Guidelines imprisonment range as low as 5 or 6 months, his lack of a prior felony criminal record,[2] and his Multiple Sclerosis, all weighed in favor of a non-custodial sentence.

---

  [1] I also did not previously argue to Your Honor - as the government has suggested - that Mr. Calabrese should be granted a downward departure below the applicable advisory Guidelines prison range because of "family circumstances."  In fact, all that I said in my prior submission was that "Mr. Calabrese is by all accounts, a wonderful husband and father, and he possesses other redeeming qualities."  <u>See</u> ECF Document 169, at page 5.  And, no one, including the government, is disputing this accounting.

  [2] His only prior criminal conviction was for a misdemeanor committed near a quarter-century ago.

      The indisputable truth is that Mr. Calabrese will not receive comparable treatment for his Multiple Sclerosis at any BOP Facility.  And, if he does not, the risk - as the medical professionals who treat him explained in letters to Your Honor - could be permanent and irreversible neurological loss and functional impairment.

      Finally, while I am not privy to the specific **Sentencing Recommendation** made by the Probation Department to Your Honor, it would appear that the Department is in agreement that an alternative to incarceration would be appropriate based upon the particular facts presented by Mr. Calabrese's case.

      Respectfully submitted,

      /JRF/

      James R. Froccaro, Jr.

JRF:tp